IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CR-242-FL

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff | ) ) ) |
| v. | ) **MEMORANDUM & RECOMMENDATION** ) **AND ORDER** ) ) ) ) |
| DAVID KEENE, | ) ) |
| Defendant. | ) |

This matter is before the court on Defendant David Keene's motion for Disclosure of All Exculpatory Evidence [DE-12], Motion for Evidence under Rule 404(b) [DE-15], Motion for Jenks Material [DE-16], and Motion to Dismiss [DE-17]. The government has responded. [DE-19]. Accordingly, this matter is ripe for adjudication.

## STATEMENT OF THE CASE

Defendant is an inmate at the Federal Correctional Institution at Butner, North Carolina ("FCI Butner"). On April 7, 2006, Defendant was stopped and searched by a Bureau of Prisons correctional officer. The officer allegedly found 1.4 grams of marijuana in the gym bag that Defendant was carrying. Following the search, Defendant was placed in administrative detention.[1]

On August 23, 2007, a grand jury issued a one-count indictment against Defendant,

---

[1] "[A]dministrative detention is the status of confinement of an inmate in a special housing unit in a cell either by self or with other inmates which serves to remove the inmate from the general population." 28 C.F.R. § 541.22.

1

charging him with possession of a prohibited object while being an inmate at FCI Butner. [DE-1]. From April, 7, 2006 until the return of the indictment in August, 2007, a period of approximately 16 and a half months, Defendant remained in administrative detention.

## DISCUSSION

A.  <u>Motion for Brady Materials [DE-12]</u>

Defendant filed a Motion for Disclosure of all Exculpatory Evidence. [DE-12]. Under <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1962), <u>Giglio v. United States</u>, 405 U.S. 150 (1972), and their progeny, the prosecution must provide favorable, material evidence to a defendant. The government contends that it is aware of its obligation under <u>Brady</u> to provide exculpatory evidence and asserts that it has provided broad discovery to Defendant and will continue to provide any new material requiring disclosure under <u>Brady</u> in a timely manner. Nonetheless, Defendant's motion is **GRANTED;** to the extent that the government either possesses <u>Brady</u> evidence or discovers <u>Brady</u> evidence, it must turn such evidence over to Defendant.

B.  <u>Motion for Production of Rule 404(b) Evidence [DE-15]</u>

Defendant has moved for production of all evidence that the government will seek to introduce under Rule 404(b). Under the Federal Rules of Evidence Rule 404(b), the government is required to disclose whether it intends to introduce at trial any evidence showing other allegedly bad acts or similar courses of conduct not charged in the indictment. Further, the prosecution, upon request by the accused must "provide reasonable notice in advance of trial . . . of the general nature of any . . . [Rule 404(b)] evidence it intends to introduce at trial." Fed. R. Evid. 404(b). In its brief, the government

2

noted that it intends to introduce 404(b) evidence at trial, consisting generally of evidence that Defendant engaged in prior sales of marijuana at FCI Butner. The government acknowledges that such evidence of prior sales will be used to show motive, opportunity, intent, preparation, knowledge, absence of mistake or accident, and modus operandi. The government further asserts that discovery materials concerning this 404(b) evidence have been produced to Defendant.

Because the government has already presented Defendant with the general nature of the 404(b) evidence that it intends to introduce at trial, the motion is **DENIED**. In the event that the government intends to introduce additional 404(b) evidence that it has not already provided to Defendant, the government is **DIRECTED** to provide such evidence at least one week before trial. See United States v. Graham, 468 F.Supp.2d 800, 802 (E.D.N.C. 2006).

C. Motion for Early Release of Jencks Material [DE- 16]

Defendant also requests that the court order the government to disclose Jencks Act materials– that is, any statements by the government's witnesses–in advance of trial. The Jencks Act, however, provides for disclosure of such statements only after a witness has testified on direct examination at trial. 18 U.S.C. § 3500(a). The Fourth Circuit has stated that "[t]he district court may not require the government to produce Jencks Act material relating to one of its witnesses until after the witness has testified." United States v. Lewis, 35 F.3d 148, 151 (4th Cir. 1994) (emphasis in original). Accordingly, Defendant's request for early disclosure of Jencks Act materials is **DENIED**.

D. Motion to Dismiss [DE-17]

3

Defendant argues that his indictment should be dismissed because he was placed in administrative confinement for over 16 months. He claims that his rights under the Speedy Trial Act, the Speedy Trial Clause of the Sixth Amendment, and Rule 48(b) of the Federal Rules of Criminal Procedure were violated because he was arrested after he was searched on April 7, 2006. Accordingly, Defendant asserts that his indictment must be dismissed because of the length of time between the search, on April 7, 2006, and his formal indictment, issued on August 23, 2007, was impermissibly long.

The government, however, asserts that Defendant was not arrested on April 7, 2006. Instead, the government contends that Defendant was placed in administrative detention pending a full investigation by the Federal Bureau of Investigation ("FBI"). Only after the investigation was complete, and the indictment was issued, was Defendant arrested.

Under the Speedy Trial Act, the Speedy Trial Clause of the Sixth Amendment, and Rule 48 (b) of the Federal Rules of Criminal Procedure, a defendant may not be held for an extended period of time between arrest and indictment. The Speedy Trial Act, 18 U.S.C. § 3161(b), provides that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was <u>arrested</u> or served with a summons in connection with such charges."

Similarly, the Sixth Amendment speedy trial provision applies when a defendant is "accused." <u>United States v. Lovasco</u>, 431 U.S. 783, 788-89 (1977). A defendant is "accused" when a formal indictment or information is filed, or when a defendant suffers "the actual restraints imposed by arrest and holding to answer a criminal charge." <u>United States v. Marion</u>, 404 U.S. 307, 320 (1971). Accordingly, the Sixth Amendment right to a

4

speedy trial "does not apply to . . . pre-indictment delay because that right does not attach until the defendant has been arrested or indicted." Jones v. Angelone, 94 F.3d 900, 906 n.6 (4th Cir. 1996).

Finally, Rule 48(b) provides that a court may dismiss an indictment if unnecessary delay occurs in "(1) presenting a charge to a grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial." Fed. R. Crim. P. 48(b). The Supreme Court has stated that Rule 48(b) "clearly is limited to post-arrest situations." Marion, 404 U.S. at 319.

Accordingly, "critical . . . to all those claims is the determination of the date of the defendant's arrest under the charges." United States v. Daniels, 698 F.2d 221, 223 (4th Cir. 1983) (overturning a district court's grant of a motion to dismiss due to delay when a prison inmate was placed in segregative confinement for a number of months pending an investigation and concluding that there was no violation of the defendant's rights to a speedy trial under the Sixth Amendment, Fifth Amendment or Rule 48(b)). In Daniels, a prisoner defendant was put in segregative confinement after he was identified as an assailant in a jailhouse assault. He claimed that the segregative confinement of a prison inmate was the equivalent of an arrest, and that his indictment for assault should be dismissed under the due process clause and the speedy trial provisions of the Fifth and Sixth Amendments as well as under Rule 48(b). The Fourth Circuit disagreed with the defendant and concluded that segregative confinement is not the same as an arrest, and therefore the speedy trial provisions of the Sixth Amendment and Rule 48(b) did not apply.

Here, Defendant similarly claims that the time he spent in administrative detention constituted an arrest. Unlike Daniels, however, Defendant claims that he was actually

5

arrested on the date of the search and read his Miranda Rights. The government asserts that Defendant was not arrested on April 7, 2006, the date of the search; rather he was placed in administrative detention pending the outcome of the FBI investigation. Although the government has not provided an affidavit from prison officials attesting that Defendant was not formally arrested on April 7, 2006, it seems clear that prison policy is to place a prisoner in administrative detention pending an investigation into alleged wrongdoing without arresting the prisoner. See Daniels, 698 F.2d at 223 (noting that "segregative confinement of a prison inmate is not the equivalent of an arrest"). Accordingly, it is the court's opinion that Defendant was not arrested on April 7, 2006, and that the more than 16 months that he spent in administrative detention did not trigger rights under the Speedy Trial Act, the Speedy Trial Clause of the Sixth Amendment, or Rule 48 (b) of the Federal Rules of Criminal Procedure. Therefore, the court recommends that Defendant's Motion to Dismiss be **DENIED**. [DE-17].

## CONCLUSION

For the above reasons, the court **ORDERS** that:

(1) Defendant's Motion for Production of Brady Materials [DE-12], is **GRANTED**;

(2) Defendant's Motion for Production of Rule 404(b) Evidence, [DE-15], is **DENIED**;

(3) Defendant's Motion for Early Release of Jencks Material [DE- 16], is **DENIED.**

For the above reasons, the court also **RECOMMENDS** that:

(4) Defendant's Motion to Dismiss, [DE- be **DENIED** [DE-17].

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have ten (10) days from the date of receipt to file written

6

objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This 18th day of December 2007.

DAVID W. DANIEL
United States Magistrate Judge