IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-CR-242-1-FL

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| | ) | |
| DAVID MICHAEL KEENE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes now before the court upon the Memorandum and Recommendation ("M&R") filed by United States Magistrate Judge David W. Daniel (DE # 21). Defendant timely filed objections to the M&R (DE # 22), specifically objecting to the portion thereof which recommended denial of defendant's motion to dismiss (DE # 17). Upon careful consideration and *de novo* review, this court ADOPTS the recommendation of the Magistrate Judge, and DENIES defendant's motion to dismiss.

BACKGROUND

Defendant David Keene is currently incarcerated at the Federal Correction Institution in Butner, North Carolina ("FCI Butner"). On April 7, 2006, a correctional officer searched defendant and his gym bag, allegedly discovering therein 1.4 grams of a green leafy substance which later tested positive as marijuana. Following the search, defendant was relegated to administrative detention pending investigation and possible referral of the matter to the Federal Bureau of

Investigation ("FBI").[1] This administrative detention consisted of defendant's transfer from the general prison population to a Special Housing Unit ("SHU"),

The case was referred by FCI Butner officers to the FBI, which in turn advised the Office of the United States Attorney of the underlying facts. The Office of the United States Attorney decided to proceed with the investigation, and on August 23, 2007, a grand jury returned a one-count indictment against defendant, charging him with possession of 1.4 grams of marijuana while being an inmate at FCI Butner, in violation of 18 U.S.C. § 1791(a)(2). From April 7, 2006, until the date that the indictment was returned, defendant was held in administrative detention for approximately sixteen (16) months.

Defendant filed a motion to dismiss on November 20, 2007, wherein he argues that the protracted period of administrative detention violated his rights under the Speedy Trial Act, 18 U.S.C. § 3161(b), the Sixth Amendment speedy trial provision, and Federal Rule of Criminal Procedure 48(b) ("Rule 48(b)"). Accordingly, argues defendant, the charge against him should be dismissed.

## DISCUSSION

The district court conducts a *de novo* review of those portions of a magistrate judge's memorandum and recommendation to which specific objections are filed. 28 U.S.C. § 636(b)(1). Those portions of the memorandum and recommendation to which only general or conclusory objections are lodged may be affirmed by the district court unless clearly erroneous or contrary to law. Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the

---

[1] Under 28 C.F.R. § 541.22, "[A]dministrative detention is the status of confinement of an inmate in a special housing unit in a cell either by self or with other inmates which serves to remove the inmate from the general population."

2

court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Sixth Amendment guarantees that "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." This right exists independently of and is not coextensive with the Speedy Trial Act, 18 U.S.C. § 3161, which provides that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was *arrested*" (emphasis added). Finally, Rule 48(b) states that:

> If there is unnecessary delay in presenting the charge to the grand jury or in filing an information against a defendant who has been held to answer to the district court, or there is unnecessary delay in bringing the defendant to trial, the court may dismiss the indictment, information, or complaint.

The speedy trial rights under Rule 48(b) are "confined strictly to 'post-arrest situations,'" in the same way that the protections of the Sixth Amendment speedy trial right and the speedy trial act are only triggered in the post-arrest context. United States v. Marion, 404 U.S. 307, 319, 92 S. Ct. 455, 463, 30 L. Ed.2d 468 (1971).

Defendant specifically objects to the Magistrate Judge's determination that the events of April 7, 2006, and defendant's transfer to administrative detention did not constitute an arrest, and as such the speedy trial and Rule 48(b) rights were not triggered. Defendant argues that while perhaps the administrative detention, on its own, does not constitute arrest, viewing defendant's transfer to administrative detention in conjunction with the other alleged facts gives rise to the conclusion that defendant was in fact arrested on April 7, 2006. Further, defendant argues that the determination of whether an arrest has occurred is a decision to be made on the totality of the facts, and that the Magistrate Judge therefore improperly "dismissed" the facts surrounding the alleged arrest in determining that administrative detention does not constitute arrest in this context. (Def's

3

Obj. to M&R at 5.) The specific alleged facts which defendant draws attention to are defendant's separation from the general prison population and subsequent search, the conveyance by the searching correctional officer of a formal written waiver of Miranda rights which defendant refused to sign, and the correctional officer's alleged statement that defendant would be charged with "possession with intent to distribute narcotics." Defendant effectively concedes that generally speaking, administrative detention by a correctional facility does not constitute arrest for the purposes of speedy trial and Rule 48(b) considerations. However, defendant argues that the additional facts detailed above merit deviation from this general rule.

In United States v. Daniels, 698 F.2d 221 (4th Cir. 1983), a defendant sought dismissal of his indictment for assaulting a fellow inmate, arguing that a nineteen (19) month period of administrative confinement violated his rights under the Fifth and Sixth Amendments, and Rule 48(b). The Daniels court explicitly accepted the proposition that "segregative confinement of a prison inmate is not the equivalent of an arrest for purposes either of [Rule 48(b)] or the [Fifth and Sixth Amendment] constitutional provisions." Id. at 223. Accordingly, it is clear that administrative detention, on its own, does not constitute arrest for purposes of triggering speedy trial and Rule 48(b) rights. See also United States v. Mills, 810 F.2d 907, 909 (9th Cir.), cert. denied, 484 U.S. 832 (1987) (holding that placement in administrative segregation does not constitute arrest for speedy trial purposes); United States v. Jackson, 781 F.2d 1114, 1115 (5th Cir. 1986) (finding that "prison segregation is not an 'arrest' as defined in the [Speedy Trial] Act"); United States v. Brooks, 670 F.2d 148, 151 (11th Cir. 1982) (holding that neither administrative nor disciplinary segregation of an inmate placed the inmate in the status of an "accused" so as to trigger Sixth Amendment speedy trial rights or rights under the Speedy Trial Act.).

Defendant, citing United States v. Rios, 364 U.S. 253, 80 S. Ct. 1431 (1960), argues that the court must "look to all of the events which occurred on April 7, 2006, not just the administrative detention of Keene," in determining whether an arrest took place. (Def's Obj. to M&R at 4.) Rios, however, dealt with an alleged Fourth Amendment search and seizure violation, and the Supreme Court determined that the validity of the search "turned on the narrow question of when the arrest occurred, and that the answer to that question depend[ed] upon an evaluation of the conflicting testimony." Rios, 364 U.S. at 262. Thus, the inquiry in Rios was not whether an arrest had taken place as a matter of law, but rather a factual inquiry into a credibility issue that would determine the exact moment *when* an arrest had taken place. The question before the court today is whether, as a matter of law, the transfer of defendant from the general population to administrative detention as a result of the events that took place on April 7, 2006, constitutes an arrest as a matter of law.

Determination of whether certain government action triggers a defendant's speedy trial right requires consideration of the purposes of the right, which are "to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself." United States v. Ewell, 383 U.S. 116, 120, 86 S. Ct. 773, 15 L. Ed.2d 627 (1966). The Supreme Court clarified that:

> The [] right to a speedy trial is . . . not primarily intended to prevent prejudice to the defense caused by passage of time; that interest is protected primarily by the Due Process Clause and by statutes of limitations. The speedy trial guarantee is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges.

United States v. MacDonald, 456 U.S. 1, 8, 102 S. Ct. 1497 (1982). See also Marion, 404 U.S. at 307 (finding that improperly long delay between public charge and trial may "seriously interfere with the defendant's liberty, whether he is free on bail or not, and . . . may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends."). When an individual already in the custody of the Bureau of Prisons is transferred from the general population to SHU, these underlying purposes of the speedy trial right are not affected. There is no fear of lengthy incarceration before trial because the accused is already incarcerated. The disruption of employment, drain on financial resources, and curtailment of associations is no greater than when the prisoner was in the general population. Further, the impairments of liberty and disruptions in life resulting from a transfer from general population to administrative detention are "*de minimis* at most, at least when compared with those faced by a non-incarcerated individual subject to an actual, physical arrest." United States v. Moore, 299 F. Supp.2d 623, 628 (S.D. W.Va. 2004). As the Daniels court explained, transfer to administrative detention is:

> not a public act with public ramifications, but a private act. Actual physical restraint may have increased and free association diminished, but unless we were to say that imprisonment ipso facto is a continuing arrest, these criteria bear little weight in the peculiar context of a penal institution.

Daniels, 698 F.2d at 223 n. 1 (quoting Mills, 641 F.2d at 787). Accordingly, transfer of defendant from the general population to administrative detention does not constitute an arrest so as to implicate speedy trial rights, as has been consistently held by numerous circuit courts of appeal.

Additionally, the calculus regarding the underlying purposes of the speedy trial right is unaffected by the additional facts which, according to defendant, require dismissal of the charge in

6

this matter. Even if defendant, as he alleges, was isolated from the general prison population and searched, then given a written Miranda waiver form and told that he might be charged with a specific crime, these facts would not affect any of the underlying factors of undue incarceration, disruption of life, or impairment of liberty. Although defendant's living conditions in SHU were more restrictive than those in general population, widespread prison policy mandates the transfer of inmates to administrative housing in situations such as defendant's, pending outcome of FBI investigation, and such a policy has been upheld by the Fourth Circuit. See, e.g., Daniels, 698 F.2d 221. As such, the court finds no merit in defendant's argument that certain alleged facts in the case at bar require deviation from the well-established rule that administrative detention does not constitute arrest so as to trigger speedy trial rights.

For the foregoing reasons, upon careful consideration and *de novo* review, this court finds that the Magistrate Judge correctly determined that defendant's transfer from the general population to administrative detention did not constitute an "arrest" so as to trigger the speedy trial rights as contemplated within the Sixth Amendment, 18 U.S.C. § 3161, or Rule 48(b).

## CONCLUSION

In accordance with the foregoing, this court ADOPTS the Memorandum and Recommendation of Magistrate Judge Daniel, and DENIES defendant's motion to dismiss (DE # 17).

SO ORDERED, this the 25th day of January, 2008.

LOUISE W. FLANAGAN
Chief United States District Judge

7